**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES, | ) | 3:12-cr-00054-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JAIME HERRERA-RAMOS, | ) | |
| Defendant. | ) | |

On June 20, 2016, defendant filed a *pro se* motion to vacate, set aide, or correct under 28 U.S.C. § 2255 (ECF No. 50). The court hereby conducts its preliminary review of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District courts, which provides:

> The judge who receives [a § 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

A federal inmate may move to vacate, set aside, or correct his sentence under § 2255 if: (1) the sentence was imposed in violation

1

of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence (3) the sentence was in excess of the maxim authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255. Defendant's motion is based on the U.S. Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct, 2251 (2015), which held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.

Under the ACCA, certain persons forbidden by federal law from possessing, shipping or receiving firearms face increased penalties if they have three or more prior convictions for a "serious drug offense" or a "violent felony." The ACCA defines "violent felony" to include, among other things, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held this part of the definition, referred to as the ACCA "residual clause," was unconstitutionally vague.

In his motion, defendant argues that the court enhanced his offense level by 16 points pursuant to U.S.S.G. § 2L1.2(b) based on a prior aggravating felony that no longer qualifies as an aggravated felony under *Johnson*. However, defendant's sentencing range was not based on an aggravated felony. Rather, defendant was subject to a 16-level enhancement for a previous crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Section 2L1.2(b)(1)(A)(ii) provides that "[i]f a defendant was deported, or unlawfully remained in the United States after [committing] a crime of violence," the sentencing court must "increase [the defendant's base offense level] by 16 levels." The text of Section 2L2 does not expressly define the phrase "crime of

2

violence," but the Application Notes define a crime of violence as any offense "under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at § 2L1.2(b)(1) cmt. n. 1(B)(iii).

*Johnson* has no effect on the definition of the crime of violence under Section 2L1.2(b)(1)(A). First, Section 2L1.2(b)(1)(A) does not have a residual clause resembling the clause in the ACCA that was invalidated in *Johnson*. Second, the definition "does not include 'acts that merely pose a risk of harm to another person.'" *United States v. Parral-Dominguez*, 794 F.3d 440, 445 (4th Cir. 2015). Thus, *Johnson* provides no basis for granting defendant relief in this case. *See Avalos-Navarro v. United States*, 2016 WL 3287354, at *3 (W.D.N.C. June 9, 2016) ("The Court further finds that this Court's application of Section 2L1.2 of the Sentencing Guidelines, which resulted in a 16-level enhancement . . . was not affected by 18 U.S.C. § 16(b), the Ninth Circuit's decision in Dimaya, or the Supreme Court's decision in Johnson."); *United States v. Palaguachi*, — F. Supp. 3d —, 2016 WL 2888995, at *7 (E.D.N.Y. May 17, 2016) ("Unlike *Johnson*, the term 'crime of violence' used under Guidelines § 2L1.2 does not 'both den[y] fair notice to defendants and invite[] arbitrary enforcement by judges.'"); *see also United States v. Garcia-Galiana*, 2016 WL 879832, at *4 (N.D. Cal. Mar. 8, 2016) ("[D]ecisions interpreting 18 U.S.C. § 16(b) are of little guidance to courts that must determine the reach and purview of U.S.S.G. § 2L1.2.").

Accordingly, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, defendant's § 2255 motion (ECF No. 50) is hereby **DISMISSED** and his motion for appointment of counsel (ECF No. 48) is **DENIED**. The clerk shall serve

a copy of this order on the defendant forthwith.

IT IS SO ORDERED.

DATED: This 28th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE